IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN BARNES, directly on behalf of himself and all other similarly situated Class A stockholders,<br><br>              Plaintiff,<br>    v.<br><br>JASON ADER, JOHN K. LEWIS, RAFAEL ASHKENAZI, JOSEPH KAMINKOW, GREGORY S. LYSS, J. RANDALL WATERFIELD, 26 CAPITAL HOLDINGS LLC, RIMU CAPITAL LTD., SPRINGOWL ASSET MANAGEMENT LLC, ALEXANDER EISEMAN, CHRISTIAN LITTLEJOHN ZAMA CAPITAL ADVISORS, LT, and ZAMA CAPITAL MASTER FUND, LP,<br><br>            Class Action Defendants,<br>    and<br><br>TIGER RESORT ASIA LTD., TIGER RESORT LIESURE AND ENTERTAINMENT, INC., OKADA MANILA INTERNATIONAL, INC., and PROJECT TIGER MERGER SUB, INC.,<br><br>            Derivative Defendants,<br>    and<br><br>26 CAPITAL ACQUISITION CORP.,<br><br>            Nominal Defendant. | (Removed from the Court of Chancery of the State of Delaware, C.A. No. 2025-0273-JTL)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>C.A. No. 25-931-MN |

## MEMORANDUM ORDER

At Wilmington this 27th day of February 2026,

WHEREAS, on March 17, 2025, plaintiff Kevin Barnes ("the Plaintiff") filed a complaint (D.I. 1-1) ("the Complaint") in the Court of Chancery of the State of Delaware alleging breach of fiduciary duty and other Delaware state law claims on behalf of 26 Capital Acquisition Corp. ("the

Company" or "the Debtor") and its Class A stockholders. *See Barnes v. Ader*, C.A. No. 2025-0273-JTL (Del. Ch.) ("the Barnes Action");

WHEREAS, the Complaint, which has been provided to this Court in redacted form only, alleges generally that 26 Capital Holdings LLC ("the Sponsor"), the Company's controlling stockholder, breached its fiduciary duties and was not entitled to share in the proceeds of a settlement, signed on November 9, 2023, of separate litigation[1] against various defendants (the "UEC affiliates") concerning a failed merger ("the Settlement");

WHEREAS, on July 11, 2025, the Company filed a voluntary petition for relief (Bankr. D.I. 1)[2] under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Court"), commencing a case captioned *In re 26 Capital Acquisition Corp.,* No. 25-11323-KBO ("the Bankruptcy Case");

WHEREAS, on July 25, 2025, Sponsor removed the Barnes Action from the Chancery Court, which has overseen other litigation involving the Company and/or the Sponsor, to this Court pursuant to 28 U.S.C. §§ 1334 and 1452, on the basis that the Barnes Action (1) "expressly seeks to 'undo' the Settlement" and "the return of the settlement proceeds," which Sponsor asserts are "the Debtor's only liquid assets;" and (2) expressly seeks to augment the Debtor's assets by alleging that "the invalidity of the Settlement means that 26 Capital maintains its claims against the UEC affiliates for breaching the Merger Agreement" (D.I. 1 ¶¶ 8-9 (quoting Complaint ¶¶ 11-12));

---

[1] *See 26 Capital Acquisition Corp. et al. v. Tiger Resort Asia Ltd. et al.*, C.A. No. 2023-0128-JTL (Del. Ch.)

[2] The docket of the bankruptcy case, captioned *In re 26 Capital Acquisition Corp.*, Case No. 25-11323 (KBO) (Bankr. D. Del.), is cited herein as "Bankr. D.I. __."

WHEREAS 28 U.S.C. § 1452(a), which governs removal of claims related to a bankruptcy case, provides that a party "may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of [Title 28];"

WHEREAS 28 U.S.C. § 1334(b) confers subject matter jurisdiction to the federal district courts over "all civil proceedings arising under title 11, or arising in or related to cases under title 11";

WHEREAS removal of the Barnes Action to this Court was not improper, as the claims asserted in the Barnes Action, which seeks to reverse the Settlement as invalid, would affect Debtors' estate and therefore implicates matters "related to" the Bankruptcy Case: whether the Debtor is entitled to retain these monetary assets, whether the Debtor retains litigation claims against the UEC Parties, and how the Debtor's residual assets should be distributed among creditors;

WHEREAS, on August 19, 2025, Plaintiff filed his *Motion for Abstention and Remand to the Delaware Court of Chancery of Count VII of Plaintiff's Complaint* (D.I. 6) ("the Motion for Abstention and Remand"), which seeks an order abstaining and remanding to the Chancery Court, pursuant to 28 U.S.C. §§ 1334(c)(2) and 1452(b), solely Count VII of the Complaint, which alleges that the Sponsor has no claim against the Company as a matter of state law (Compl. ¶¶ 188–93) ("Count VII"), and which will require consideration of the internal affairs of the Company, a Delaware corporation, as well as a determination as to whether the Sponsor has a claim against the Debtor as a matter of state law;

WHEREAS, the Motion for Abstention and Remand asserts that (1) the Company's certificate of incorporation ("the Charter") requires Plaintiff's claims to be heard in the Court of

3

Chancery, that the Sponsor is bound by the Charter and, accordingly, that the Sponsor waived the right to remove the Barnes Action to this Court; and (2) Plaintiff's claims meet the requirements for mandatory abstention and remand under Sections 1334(c)(2) and 1452;

WHEREAS, on August 22, 2025, the United States Trustee filed a motion for conversion of the Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code (Bankr. D.I. 41) ("the Motion to Convert") on the basis of irreconcilable conflicts of interest concerning Jason Ader, as a defendant in the Barnes Action;

WHEREAS, on August 27, 2025, this Court approved a stipulation extending the deadline for Sponsor and the Company to respond to Plaintiff's Motion for Abstention and Remand through "seven (7) days following the entry of an order by the Bankruptcy Court resolving the [Motion to Convert]" (D.I. 7);

WHEREAS, on December 12, 2025, the Bankruptcy Court issued an order granting the Motion to Convert and converting the Company's Chapter 11 case to a case under Chapter 7 (Bankr. D.I. 108) ("the Conversion Order"), and, on December 13, 2025, Jami B. Nimeroff was appointed as Interim Chapter 7 Trustee (Bankr. D.I. 110);

WHEREAS, the docket reflects that no party opposed or otherwise responded to the Motion for Abstention and Remand by December 19, 2025 or has since filed any opposition or response;

WHEREAS, on December 29, 2025, Mr. Ader filed a Suggestion of Bankruptcy (D.I. 9), indicating that, on December 22, 2025, "Jason Adar [sic] commenced a Chapter 11 Bankruptcy Case in the United States Bankruptcy Court for the Southern District of Florida, Case No. 25-25088 (CLC)" ("the Ader Bankruptcy");

4

WHEREAS, the weight of authority permits a case to be remanded despite the automatic stay;[3] and

WHEREAS, although the Motion for Abstention and Remand is unopposed, and although Plaintiff presents strong arguments supporting abstention and remand with respect to Count VII of the Complaint, "[c]onsistent with the weight of authority in our Circuit, we instead transfer this matter to [the Bankruptcy Court] for [a] decision on abstention";[4]

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. In accordance with this Court's Amended Standing Order of Reference, dated February 29, 2012, which provides that "any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for this district," this action is referred to the Bankruptcy Court in its entirety, including Plaintiff's unopposed *Motion for Abstention and Remand to the Delaware Court of Chancery of Count VII of Plaintiff's Complaint* (D.I. 6), to be assigned to the Honorable Karen B. Owens, Chief United States Bankruptcy Judge, in connection with the Bankruptcy Case captioned *In re 26 Capital Acquisition Corp.,* No. 25-11323-KBO.

2. The Clerk of the Court is directed to CLOSE C.A. No. 25-931-MN

*[signature]*
The Honorable Maryellen Noreika
United States District Judge

---

[3]  See *Int'l Union of Operating Eng'rs Loc. 542 v. Mallinckrodt ARD, Inc.,* No. CV 21-114, 2021 WL 915722, at *4 (E.D. Pa. Mar. 10, 2021) (canvassing cases).

[4]  See *Int'l Union of Operating Eng'rs Loc. 542,* 2021 WL 915722, at *4.

5